**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BUTCHER, an individual, by and through his Guardian Ad Litem, NICHOLE GARDNER;<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, a municipal corporation; SHAWN MARQUES, in his individual capacity as a police officer for the CITY OF ANTICOH; DOES 1-50, inclusive.<br>　　　　　Defendants. | Case No.: 3:23-cv-04328<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

//
//
//
//
//
//
//
//

# INTRODUCTION

1. On or about December 26, 2022, Plaintiff, William Butcher, was at home spending the holiday season with his family. Mr. Butcher is a mentally disabled African-American resident of Antioch, who shares an apartment with his two (2) brothers. Mr. Butcher was inside his apartment when Defendant Antioch Police Officer Shawn Marques arrived in response to a 911 call regarding a verbal argument between Mr. Butcher's brother, Anthony, and Anthony's girlfriend.

2. When Defendant Marques knocked on the brothers' apartment door, Mr. Butcher answered. Though his mental disability impacts his ability to communicate, Mr. Butcher did identify himself as William. Shockingly, without ever even speaking to his brother Anthony, Defendant Marques nonetheless elected to arrest Mr. Butcher. Mr. Butcher had not committed any crimes and Defendant Marques arrested him without any reasonable suspicion, nor probable cause that Mr. Butcher had been involved in any criminal activity.

3. When Mr. Butcher was booked at Martinez Jail shortly after Defendant Marques arrested him, he was booked under the name William Butcher, suggesting that officers were aware of his true identity at the time of the arrest. Despite this, Mr. Butcher was held at Martinez Jail for multiple days, suffering severe emotional distress as he was unjustly jailed.

4. Mr. Butcher's family immediately began numerous efforts to notify the Defendant City of Antioch and its employees that they had jailed an innocent person. Sadly, their efforts were initially ignored and Mr. Butcher was detained for approximately 72 hours before being released.

5. Sadly, Defendant Marques's unconstitutional arrest of Mr. Butcher is typical of the Antioch Police Department, a government agency that is infected with a deep-rooted culture of racism, disregard for civil rights, and lack of accountability for officers who break the law.

//

//

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

2

## JURISDICTION

6. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Antioch, California, which is within this judicial district.

## PARTIES

7. Plaintiff WILLIAM BUTCHER (hereinafter "Plaintiff") sues in his individual capacity. Plaintiff is a citizen of the United States and a resident of California.

8. Plaintiff brings this suit by and through his Guardian ad Litem, NICHOLE GARDNER. Ms. Gardner is Plaintiff's biological niece. Plaintiff requires a Guardian ad Litem because he is mentally disabled and, as a result of said disability, lacks the capacity to represent himself in this matter.

9. Defendant CITY OF ANTIOCH (hereinafter "Defendant City") is a municipal entity, duly organized and existing under the laws of the State of California, that manages and operates the CITY OF ANTIOCH POLICE DEPARTMENT (hereinafter "APD") and trains, supervises, and employs its officers.

10. Defendant SHAWN MARQUES (hereinafter "Defendant Marques") was, and at all times herein is, a Police Officer for the Antioch Police Department.

11. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision, management or

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

3

control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

12. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF ANTIOCH.

## FACTUAL ALLEGATIONS

13. Plaintiff William Butcher, a mentally disabled African-American resident of Antioch, shares an apartment with his two brothers at the Delta View Apartment Complex. One of his brothers is named Anthony.

14. On information and belief, on or about December 26, 2022, Anthony and his girlfriend, Lisa, got into a verbal altercation that led Lisa to call 911. Defendant Shawn Marques, an officer of the Antioch Police Department, arrived at the scene and engaged in a conversation with Lisa outside the apartment.

15. Defendant Marques then knocked on the door of the Butcher brothers' apartment. William answered the door.

16. On information and belief, William identified himself by his true name in order to explain that he was not his brother. William's mental disability is readily apparent and Defendant Marques either did or should have recognized that William was disabled.

17. Nonetheless, on information and belief, Defendant Marques handcuffed William after a brief exchange and proceeded to arrest him without conducting a proper investigation.

18. On information and belief, Defendant Marques never spoke with Anthony prior to detaining William. Defendant Marques then unconstitutionally arrested William on suspicion of multiple felonies before transporting him to Martinez Jail.

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

4

19. Upon arriving at the jail, William was booked under the name William Butcher, implying that Defendant Marques and/or other unidentified Doe Antioch Police Officers were aware of his identity, but still proceeded with the wrongful arrest.

20. Unfortunately, William's family was not informed of the situation until hours later, causing them immense distress upon learning about the false accusations against him. William's niece made valiant efforts to rectify the situation by contacting both the Antioch Police Department and the Contra Costa District Attorney's Office, explaining that William was innocent but mentally handicapped, making it challenging for him to assert his innocence to the officers. Despite her efforts, she was informed that William would be held until at least Thursday, December 29. It wasn't until approximately 2 AM on Thursday, December 29, 2022, that William was finally released.

21. Throughout the ordeal, William, a mentally handicapped individual, suffered greatly, as he was wrongly detained for days during the holiday season on false charges, leaving him cold, hungry, and bewildered in a jail cell. As a result of this wrongful arrest and detention, he endured serious emotional distress, pain, and anguish.

**Monell Allegations**

22. Recently, local and national reporting has exposed the APD's culture of racism, lawlessness, disregard for civil rights, and lack of accountability. The Federal Bureau of Investigation ("FBI") and the Contra Costa County District Attorney ("CCCDA") are investigating the Antioch Police Department for its officers engaging in a range of criminal activity.[1]  At last count, 17 of the 61 patrol officers in the Antioch Police Department are now suspended or on

---

[1] https://www.ktvu.com/news/mayor-says-10-of-antioch-police-department-under-investigation

leave.[2] Recently, three (3) Antioch Police Officers were federally indicted for a litany of civil rights violations.[3]

23. These investigations have unearthed a shocking culture of racism within the Defendant City's police department. The CCCDA and the FBI are investigating dozens of sickening racist texts shared between nearly 50 Antioch Police Department Officers over the past two (2) years. These texts reflect just how pervasive and entrenched this culture of racism and disregard for civil rights—particularly those of African-American community members—is within the Antioch Police Department. Officers bragged about being able to use racist slurs in group messages with supervisors and internal affairs sergeants. Officers referred to Black people in disgusting and racist terms that are so vile that Plaintiff elects not to repeat them here. When one (1) officer told others that he had been called racist, Sergeant Rick Hoffman—the president of the Antioch Police Officer's Association—laughed and responded that the accuser had a point about the officer being racist.[4] Antioch Police Officer Morteza Amiri told a Brentwood Police Department Officer that the N-word was "commonly used" around the APD, even in groups that included supervisors and internal affairs sergeants. Recent reporting suggests that at least 45 APD Officers were on these text chains, including at least 16 officers in leadership roles.[5]

24. In a media release published on the APD's social media platforms on April 13, 2023, APD Chief Steve Ford acknowledge that the APD has a "sickening disease of racism and other incompatible behaviors within our ranks."[6] Antioch Mayor Lamar Thorpe stated that this culture

---

[2] https://abc7news.com/antioch-police-department-officer-misconduct-investigation-staffing-chief-steven-ford/13114779/
[3] https://www.kron4.com/news/bay-area/fbi-antioch-police-officers-collected-trophies-from-crime-scenes/#:~:text=Ten%20current%20and%20former%20Antioch,into%20East%20Bay%20law%20enforcement.
[4] https://www.mercurynews.com/2023/04/11/exclusive-inside-the-antioch-police-departments-secret-racist-texting-group/
[5] https://www.nbcbayarea.com/news/local/public-defender-da-antioch-police/3206129/
[6] https://twitter.com/AntiochPolice/status/1646659571480666112; https://www.facebook.com/photo.php?fbid=598861195599950&set=a.228771749275565&type=3

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

6

within the APD "requires further explanation, including: how the hell did all this alleged misconduct go on for so long without anyone at our command staff noticing, from lieutenant on up to the chief."[7]

25.     A recent 128-page report by the CCCDA reveals even more racist texts sent by Antioch police officers involved in the department's texting scandal. The racist texts were directed not only at suspects but also at Antioch Police Chief Steven Ford. On March 7, 2022, Officer Jonathan Adams writes: "Have you met the new (gorilla emoji) chief yet?"[8] The texts referred to Black people as "gorillas" and "monkeys," and officers even exchanged derogatory images. One officer boasted that he and another officer "just had to grab some gorillas out of a car after he was flexing his blackness". Two officers repeatedly joked to each other about wanting to let Blacks "kill each other" and called for a "legit purge week", an apparent reference to the film franchise where all laws are temporarily suspended and vigilantes are allowed to kill with impunity. These disturbing revelations highlight a concerning culture of racism and bigotry towards African-Americans within the Antioch Police Department.

26.     Other Antioch Police Department officers bragged to each other about being good about racial profiling. One even called himself a "trained expert" in racial profiling who "learned from the best"—"the best" here presumably meaning other officers within the Antioch Police Department.[9]

27.     In the text messages that have thus far been publicized, another officer, discussing a recent Black Lives Matter protest, promised to buy any officer a prime rib dinner at a fancy steakhouse if they shot Antioch Mayor Lamar Thorpe—an African-American man—with a rubber

---

[7] https://www.nbcnews.com/news/us-news/racist-text-messaging-investigation-rocks-northern-california-police-d-rcna79676
[8] https://abc7news.com/antioch-police-scandal-racist-texts-chief-fbi-investigation/13516343/
[9] https://www.mercurynews.com/2023/07/15/im-already-good-at-racial-profiling-new-batch-of-antioch-cops-texts-show-how-much-racism-and-policing-intertwined/

bullet weapon that is commonly used on protesters. Other officers shared images mocking the death of George Floyd and referred to him as a racist slur. In November 2020, when one (1) officer asked a group of officers what they were doing, another responded "violating civil rights". Yet another officer made racist and sexist remarks about a prominent police reform advocate in Antioch.[10]

28. Beyond the shocking and abhorrent racism reflected in the APD by these messages, the texts also illustrate the APD's culture of total disregard for civilians' civil rights, including the glorification of falsifying evidence and unlawfully arresting individuals. In one of these text exchanges, one officer advised another to lie about a suspect refusing to comply in order to take a forced blood draw from the unconscious subject. Another officer admitted that he sometimes lies about suspects giving him confessions when they did not because there is no video to prove him wrong and it makes filing charges easier. That same officer and another lamented the use of body-worn cameras because it prevented them from "fuck[ing] him up more", in reference to a detained subject.[11]

29. Antioch Mayor Lamar Thorpe stated that this culture within the APD "requires further explanation, including: how the hell did all this alleged misconduct go on for so long without anyone at our command staff noticing, from lieutenant on up to the chief."[12]

30. Several Antioch Police Officers were arrested by the FBI on or about August 17, 2023. According to the Mercury News, these officers are accused of "plotting violence against specific people, collecting trophies of their crimes and reveling in the gore caused by their actions". These officers bragged to each other about inflicting violence on civilians and even sent pictures of

---

[10] https://www.mercurynews.com/2023/04/11/exclusive-inside-the-antioch-police-departments-secret-racist-texting-group/
[11] https://www.ktvu.com/news/contra-costa-county-da-releases-report-detailing-racist-homophobic-texts-from-antioch-police-officers
[12] https://www.nbcnews.com/news/us-news/racist-text-messaging-investigation-rocks-northern-california-police-d-rcna79676

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

8

civilians they injured to one another in order to boast about the injuries they inflicted. Additional Antioch Police Officers were arrested for selling illegal steroids.[13]

31. Mr. William Butcher's case serves as a harrowing illustration of the systemic racism embedded within Antioch Police Department. As a mentally disabled African-American resident of Antioch, he experienced unjust treatment at the hands of Defendant Marques. Despite clear evidence of his innocence, Mr. Butcher was arrested, detained, and subjected to emotional distress and spent several days in jail during the holiday season for a crime for which Mr. Bucher was falsely arrested. Even when presented with evidence of Mr. Butcher's innocence, the Defendant Doe Officers still kept him jailed for hours longer.

32. On information and belief, Defendant Marques's false arrest of Mr. Butcher was motivated by the culture of racism and disregard for civil rights that is running rampant within the Defendant City's police department.

**DAMAGES**

33. As a proximate result of the actions of the Defendants, Plaintiff suffered a violation of his Fourth Amendment rights. Plaintiff suffered emotional distress, fear, terror, anxiety, humiliation, and the loss of his sense of security, dignity, and pride as a United States citizen.

34. The conduct of Defendant Marques and DOES 1-50 was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against the individual Defendants.

//

//

//

---

[13] https://www.mercurynews.com/2023/08/17/blood-for-blood-indictments-detail-east-contra-costa-cops-alleged-crimes-that-went-unnoticed-for-years/

# CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment—False Detention/Arrest)**
*(Plaintiff against Defendants MARQUES and DOES 1-50)*

35. Plaintiff hereby re-alleges and incorporates by reference, each and every paragraph of this Complaint.

36. When Defendant MARQUES arrested Plaintiff despite the fact that Plaintiff had already been identified and had no involvement in the underlying dispute that led to the 911 call, Defendant MARQUES had no reasonable suspicion and/or probable cause to detain and arrest Plaintiff.

37. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendants MARQUES's and DOES 1-50's detention and arrest of Plaintiff was an unlawful seizure that violated Plaintiff's constitutional rights under the Fourth Amendment.

WHEREFORE, Plaintiff prays for relief as herein set forth.

**SECOND CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (*Monell*)—42 U.S.C. section 1983)**
*(Plaintiff against Defendants CITY and DOES 1-50)*

38. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

39. Plaintiff alleges that the culture of racism, lawlessness, lack of accountability, and disregard for civilians' civil rights within the Antioch Police Department—as identified in Paragraphs 21-31 of this Complaint—was enabled and even encouraged by high-ranking supervisors within the Antioch Police Department (APD). Plaintiff's factual allegations demonstrate that this culture within the APD was flaunted in front of police supervisors and internal affairs sergeants with an understanding that these supervisors condoned and even participated in these horrific police practices. Plaintiff further alleges that said culture motivated the Defendant

MARQUES's unlawful arrest of Plaintiff and is indicative of the disregard for civilians' civil rights—particularly African-Americans' civil rights—that is deeply rooted within the Defendant CITY's police department.

40. As against Defendants CITY OF ANTIOCH and/or DOES 1-50 in his/her/their capacity as police supervisor(s) for the CITY OF ANTIOCH, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct within the CITY OF ANTIOCH Police Department tantamount to a custom, policy, or repeated practice of permitting, condoning, and tacitly encouraging racism, lawlessness, disregard for the constitutional rights of citizens, and lack of accountability for officers who engage in unlawful conduct.

41. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF ANTIOCH and DOES 1-50 as described above, Plaintiff sustained injuries and is entitled to damages, penalties, costs and attorney's fees as set forth above.

WHEREFORE, Plaintiff prays for relief as herein set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Bane Act (Cal Civ. Code §52.1))**
*(Plaintiff against Defendants MARQUES, CITY, and DOES 1-50)*

42. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

43. Plaintiff brings this "Bane Act" claim individually for the direct violation of his own rights.

44. By their conduct described herein, Defendants MARQUES and DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code

§52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.    Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment of the United States Constitution and by Article I, § 13 of the California Constitution;

45. Any volitional violation of rights done with reckless disregard for those rights also satisfied the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants MARQUES's and DOES 1-50's violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

46. Alternatively, Defendants violated each Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a.    Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b.    Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    c.    Using a level of force against Plaintiff—handcuffing him—when there was absolutely no need for any force whatsoever;

    d.    Failing to intervene to stop, prevent, or report the unlawful arrest of Plaintiff;

    e.    Violating multiple rights of Plaintiff;

    f.    Arresting Plaintiff without any reasonable suspicion or probable cause.

47. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

12

48. As a direct and proximate result of Defendants' violations of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant MARQUES and DOES 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as herein set forth.

### FOURTH CAUSE OF ACTION
**(Negligence)**
*(PLAINTIFF against Defendants MARQUES, CITY, and DOES 1-50)*

49. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

50. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants MARQUES and DOES 1-50 are liable for damages caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants MARQUES and DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant CITY. As such, Defendant CITY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants MARQUES and DOES 1-50 pursuant to § 815.2 of the California Government Code.

51. Defendants MARQUES and DOES 1-50 negligently and without due care detained and arrested Plaintiff without any reasonable suspicion or probable cause. Plaintiff suffered damages, including but not limited to terror, emotional distress, and humiliation, as a proximate and direct cause of the Defendants' negligent conduct.

WHEREFORE, Plaintiff prays for relief as herein set forth.

## JURY DEMAND

52. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiff prays for relief as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against Defendant Marques and/or DOES 1-50;
4. All other damages, penalties, costs, interest, and attorney's fees as allowed by Cal. Civ Code Section 52. 1, 42 U.S.C. §§1983 and 1988, and as otherwise may be allowed by state and federal law against Defendants;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated:  August 23, 2023         POINTER & BUELNA, LLP
                                LAWYERS FOR THE PEOPLE

                                /s/ *Ty Clarke*
                                Ty Clarke
                                Attorney for PLAINTIFF

PLAINTIFF'S COMPLAINT FOR DAMAGES
BUTCHER V. CITY OF ANTIOCH, et al.

14